UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

| | | |
|---|---|---|
| LORENZO ANTHONY #247064, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:06-cv-9 |
| | ) | |
| v. | ) | HON. GORDON J. QUIST |
| | ) | |
| KIM HILL, et al., | ) | |
| | ) | |
| Defendants. | ) | **OPINION** |
| | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

I.      Factual allegations

Plaintiff is presently incarcerated at the Standish Maximum Correctional (SMF). In his *pro se* complaint, he sues Defendants Corrections Officer Kim Hill, Corrections Officer Michael Segorski, Corrections Officer Unknown Sharrett, Corrections Officer H. Ervin, Corrections Officer J. Saurdins, Corrections Officer K. Clapp, Corrections Officer Unknown Makinen, Corrections Officer Unknown Cole, Corrections Officer Unknown Martineau, Sergeant M. Arkens, Corrections Officer Heather Mannisto, Sergeant K. Castello, Nurse Unknown Scott, Corrections Officer

Unknown Bovak, Captain Keena Jones, Regional Administrator Unknown Party, Lieutenant Unknown Steven, Lieutenant Unknown Peacock, Sergeant R. Livermore, Captain Unknown Immel, Lieutenant Unknown Tyler, Hearings Division Employee L. Maki, Retired Warden B. Bouchard, Warden David Bergh, Unknown Savera, Corrections Officer Unknown Thompson, and Corrections Officer Unknown Nowachi, all of whom are employed at the Alger Maximum Correctional Facility (LMF) except for Defendant Regional Administrator, who is employed by the MDOC in Lansing, Michigan.

Plaintiff claims that Defendants engaged in a variety of misconduct which violated his rights under the Eighth and Fourteenth Amendments, as well as under state law. For relief, Plaintiff requests damages.

II.    Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his

- 2 -

complaint, if the decision is available.  *Brown*, 139 F.3d at 1104.  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000).  A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court.  *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiff's claims are the type of claims that may be grieved.  *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective Nov. 1, 2000); ¶ II (may grieve brutality and corruption by prison staff) (effective Oct. 11, 1999 and November 1, 2000).

The burden to allege and show exhaustion belongs to Plaintiff.  *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104.  This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits."  *Knuckles El*, 215 F.3d at 642.  Plaintiff attaches copies of grievances, responses to grievances, and requests for grievance forms made while Plaintiff was on modified access to the grievance procedure.  A review of the record in this case reveals that each of the defendants were named in either a grievance or in a request for a grievance form, except for Defendants Segorski, Sharrett, Regional Administrator Unknown Party, and Maki.  A careful review of the attachments to Plaintiff's complaint fails to reveal that these Defendants were ever named in any grievance or request for a grievance form.  A conclusory allegation that remedies have been exhausted is not enough, as a plaintiff must provide the decisions reflecting the administrative disposition of his claims or other

- 3 -

evidence showing that he has exhausted his remedies.  *Williams v. McGinnis*, No. 98-1042, 1999 WL
183345, at *1 (6th Cir. March 16, 1999). The Sixth Circuit has found that the district court is not
required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each
case just trying to find out whether it has jurisdiction to reach the merits." *See Knuckles El*, 215 F.3d
at 642.  Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available
administrative remedies with regard to Defendants Segorski, Sharrett, Regional Administrator
Unknown Party, and Maki.

Because Plaintiff's complaint contains both exhausted and unexhausted claims, the
Court will dismiss his action pursuant to the "total exhaustion" rule.  Under the total exhaustion rule,
the presence of an unexhausted claim results in the dismissal of the entire action.  *Jones Bey v.
Johnson*, *et al.*, 407 F.3d 801 (6th Cir. 2005).  Dismissal of this action without prejudice is
appropriate when a prisoner has failed to show that he exhausted available administrative remedies.
*See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th
Cir. 1997).  Dismissal for failing to exhaust available administrative remedies does not relieve a
plaintiff from payment of the civil action filing fee.  *Omar v. Lesza*, No. 97 C 5817, 1997 WL
534361, at *1 (N.D. Ill. Aug. 26, 1997).  Accordingly, the Court will dismiss Plaintiff's action
without prejudice.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the
Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as
required by 42 U.S.C. § 1997e(a).

- 4 -

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.

Dated:  February 15, 2006                    _____/s/ Gordon J. Quist_____
                                             GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE

- 5 -