UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LORENZO ANTHONY,

    Plaintiff,

v.                                                 Case No. 2:06-cv-9
                                               HON. GORDON J. QUIST

KIM HILL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

        Plaintiff filed this prisoner civil rights action, pursuant to 42 U.S.C. § 1983, against twenty-seven employees of the Michigan Department of Corrections (MDOC). He alleges a series of violations of his rights under the Eighth and Fourteenth Amendments, as well as state law tort claims. Twenty-four of the named defendants have moved for summary judgment: Lt. Jeff Stevens, Resident Unit Officer Kim Hill, Corrections Officer Steven Sharrett, Resident Unit Officer H. Irvine, Resident Officer Joe Suardini, Corrections Officer Ken Clapp, Corrections Officer Sheila Makinen, Corrections Officer Yvonne Cole, Corrections Officer John Martineau, Corrections Officer Michael Arkens, Resident Unit Officer Heather Mannisto, Sergeant Keith Castello, Registered Nurse Charles Scott, Resident Unit Officer Kim Boyak, Captian Keena Jones, Sergeant Robert Livermore, Captain Anthony Immel, Lieutenant Craig Tayler, Warden Barbara Bouchard (retired), Warden David Bergh (current), Corrections Officer Jason Savera, Corrections Officer Jon Thompson, Corrections Officer Nowacki, and Hearings Officer Linda Maki. Defendants Unknown Sego and Unknown Peacock were granted leave to join the above Defendants' Motion for Summary Judgment.

Plaintiff's claims stem from four incidents. On August 20, 2004, Plaintiff was placed in soft restraints due to misconduct. After being returned to his cell, Plaintiff partially slipped out of the soft restraints. A move team consisting of Defendants Arkens, Nowacki, Sharrett and Sego, led by Defendant Castello, was dispatched to move Plaintiff to the Birch Unit shower stall and apply standing hard restraints. Plaintiff alleges that Defendants breached his cell, knocked him to the floor, punched him in the head and face, and struck his head against the floor with such force that his teeth were chipped and later required surgery. Defendant Hill operated a video camera which partially captured the incident. Plaintiff claims that the force used during this incident was excessive, and violated his rights under the Eighth Amendment.

On January 4, 2005, a move team was dispatched to Plaintiff cell in response to reports that Plaintiff was kicking his door and being otherwise disruptive. Defendant Castello instructed Plaintiff to comply with a strip search. When Plaintiff refused to comply, Defendant Castello released a chemical agent into Plaintiff's cell. Several minutes later, the chemical agent was again applied to Plaintiff's cell. Plaintiff alleges that for several minutes he was left in the cell with the chemical agent for purposes of torture. After being removed from the cell, Plaintiff's eyes were flushed with a water solution by Defendant Scott, who also performed a restraint check and a breathing check. Defendant Scott found Plaintiff's condition to be normal. Defendants did not take additional steps to clean Plaintiff's cell of the chemical agent before returning Plaintiff to the cell, relying instead on the cell's ventilation system to accomplish this task. Plaintiff claims that the two applications of the chemical agent constituted the use of excessive force and violated his rights under the Eighth Amendment. Plaintiff claims that the medical treatment he received following exposure to the chemical agent was so inadequate as to be a denial of medical treatment for a serious medical need in violation of the Eighth Amendment.

On January 11, 2005, Plaintiff was issued a Major Misconduct ticket for throwing an unknown liquid on Defendant Hill. Plaintiff claims that Defendant Hill approached his cell, then spit a mouthful of water on herself, which she then falsely reported as an assault by Plaintiff. Plaintiff was in standing hard restraints at the time of the alleged misconduct, and was thereafter placed in top-of-bed (TOB) restraints.  A subsequent search of Plaintiff's cell produced several jars containing urine, for which he received a separate misconduct ticket.  Plaintiff was found guilty of the assault ticket, but this finding was reversed on rehearing because the hearing officer (Defendant Maki) did not review the relevant video tape.  Plaintiff alleges that he remained in TOB restraints until January 16, 2005, during which time Defendants repeatedly denied him bathroom breaks.  As a result, Plaintiff had to lie in his own waste for several days, and he alleges that he was also denied opportunities to clean himself or his cell.  He alleges that Defendants repeatedly ignored his requests for meals, and falsified logbook entries to give the appearance that Plaintiff had refused food when it was offered to him.  He argues that these actions were in violation of his Eighth and Fourteenth Amendment rights.

Plaintiff was again placed in TOB restraints on February 10, 2005.  This action was taken in response to reports that Plaintiff was kicking his door.  Plaintiff alleges that during the application of TOB restraints, Defendant Arkens pressed his foot against Plaintiff's groin, crushing his testicles and leaving a visible boot print.  On noticing the print, Defendant Arkens attempted to wipe it off, explaining to other move team members that, "You never leave anything like this." Following this incident, Plaintiff was left in TOB restraints for three days, during which time he was allegedly again denied meals and bathroom breaks.  He asserts Eighth Amendment violations regarding these actions, as well as state law assault and battery claims against Defendant Arkens.

Presently before the Court is Defendants' Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and/or Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56 (Docket #83). The deadline for Plaintiff's response to this motion was extended to June 18, 2007, to allow him to adequately respond to evidence obtained through discovery (Docket #151). Plaintiff has not yet filed a response. Rather than dismissing Plaintiff's complaint for failure to prosecute, it is recommended that the Court consider the arguments set forth in Plaintiff's complaint, as well as the evidentiary material already in the record. Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably

find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants first argue that several of the named Defendants should be dismissed from this action. Defendant Livermore is named in the heading of Plaintiff's complaint, but he is not mentioned in any of the factual allegations in the body of the complaint. Plaintiff has failed to state a claim against Defendant Livermore and it is therefore recommended that Defendant Livermore be dismissed from this action. Defendant Maki argues that she is entitled to absolute judicial immunity with respect to her actions in reviewing the major misconduct charge brought against Plaintiff on January 11, 2005. Plaintiff claims that Defendant Maki was wrong to have found him guilty of this charge without reviewing the relevant video recording. However, as a hearings officer, Defendant Maki is entitled to absolute judicial immunity for all actions taken within the scope of her authority. *Shelly v. Johnson*, 849 F.2d 228 (6th Cir. 1988). A decision of whether to review a video recording of an alleged prisoner misconduct is within the scope of Defendant Maki's authority as a hearings officer. Therefore, she cannot be held liable for this decision. As she is not named in any other allegations by Plaintiff, it is recommended that Defendant Maki be dismissed from this lawsuit.

Plaintiff has alleged that the actions of Defendants in each of the four incidents outlined above violated his due process rights. While his argument is unclear, Plaintiff appears to contend that by inflicting pain on him, Defendants violated his right to due process. A prisoner's primary protection from the wanton infliction of pain is the Eighth Amendment. *See Whitley v. Albers*, 475 U.S. 312, 327 (1986). This being the case, it is recommended that Plaintiff's allegations be analyzed under the Eighth Amendment rather than the Fourteenth Amendment.

The Eighth Amendment prohibits cruel and unusual punishment. Traditionally, the cruel and unusual punishment clause was interpreted to prohibit barbarous or shocking forms of punishment. Over the years, the concept of cruel and unusual punishment has been expanded to encompass punishments which are unconscionably excessive in relation to the offense committed. See *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). Furthermore, punishment which is without penological justification or involves the unnecessary and wanton infliction of pain also violates the Eighth Amendment's proscriptions. See *Rhodes v. Chapman*, 452 U.S. 337 (1981). See also, *Gregg*, supra, at 173. In short, there shall be no gratuitous infliction of suffering. *Gregg*, supra, at 183. An Eighth Amendment claim comprises an objective and subjective component: (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995).

Plaintiff has identified three occasions he claims Defendants used excessive force against him in violation of the Eighth Amendment: August 20, 2004; January 4, 2005; and February 10, 2005. Plaintiff's claims involving the use of force must be analyzed under the Supreme Court authority limiting the use of force against prisoners. This analysis must be made in the context of the constant admonitions by the Supreme Court regarding the deference that courts must accord to prison or jail officials as they attempt to maintain order and discipline within dangerous institutional settings. See, e.g., *Whitley v. Albers*, 475 U.S. at 321-22. Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment. *Rhodes*, 452 U.S. 347. The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley*, 475 U.S. 312, should be applied. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Id*. (citing *Whitley*, 475 U.S. at 321); accord *McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990). Physical restraints are constitutionally permissible where there is penological justification for their use. *Rhodes*, 452 U.S. at 346; *Jones v. Toombs*, No. 95-1395, 1996 WL 67750, at *1 (6th Cir. Feb. 15, 1996); *Hayes v. Toombs*, No. 91-890, 1994 WL 28606, at * 1 (6th Cir. Feb. 1, 1994); *Rivers v. Pitcher*, No. 95-1167, 1995 WL 603313, at *2 (6th Cir. Oct. 12, 1995).

Only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave for an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). A de minimis use of physical force is beyond constitutional recognition, provided that the use of force is not of a sort "repugnant to mankind." *Id*. at 9-10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)); *see Norman v. Taylor*, 25 F.3d 1259, 1264 (4th Cir. 1994), *cert*. *denied* 513 U.S. 1114 (1995) ("absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis). Federal courts have routinely held that a single push, shove, punch, or blow by a prison guard does not rise to the level of a constitutional violation. *Neal v. Miller*, 778 F. Supp. 378, 383-384 (W.D. Mich. 1991) (collecting cases). The same hold true even when the push or shove appears to be unnecessary. *Hampton v. Alexander*, No. 95-3457, 1996 WL 40237 (6th Cir. Jan. 31, 1996). A prisoner must allege that he has suffered or is threatened with suffering actual harm as a result of defendants' acts or omission before he can make a claim with an arguable basis in Eighth Amendment jurisprudence. *Wilson v. Yaklich*, 148 F.3d 596 (6th Cir. 1998).

Defendants dispute Plaintiff's version of the facts as to the August 20, 2004, incident. According to Defendants, Plaintiff was not punched, nor was his head slammed into the floor. Defendants argue that Plaintiff's version of the events is unsupported by evidence. Defendants argue that the level of force applied during this incident was necessary and appropriate to maintain order within the correctional facility. Defendants further argue that there is no evidence that Plaintiff suffered any injury during this incident. While Plaintiff received dental treatment approximately one month after this incident for chipped and sensitive teeth, Defendants point out that there is no indication in the record that this injury was caused by the August 20, 2004, incident. Moreover, neither medical records nor the video recording of the incident show any injury to Plaintiff's face or head that would support his allegations.

Defendants contend that the video record of the move operation does not show the application of excessive force to Plaintiff, and instead shows the move team acting professionally and properly. The video evidence of this incident is inconclusive. From the camera angle used, it is impossible to determine what is taking place inside Plaintiff's cell from the time the move team breaches the cell to the time Plaintiff is taken out of the cell. Sounds of a struggle are heard, but it is impossible to determine what specifically is making these sounds. However, although the video does not conclusively disprove Plaintiff's factual allegations, it does not confirm them either. The Defendants who were present on August 20, 2004, have submitted affidavits denying that Plaintiff was ever punched, or that his head was slammed against anything. Plaintiff has submitted no evidence supporting his version of the events. All that remains then is the allegation that the move team breached Plaintiff's cell, pinned him to the ground, moved him to the shower stall, and applied hard restraints. There is no evidence that this force was applied sadistically or to cause harm. Given that Plaintiff's previous behavior justified the application of these restraints, this use of force is

plainly not unconstitutional. The record contains no "evidence on which [a] jury could reasonably find for the plaintiff." Therefore, in the opinion of the undersigned, Defendants are entitled to summary judgment on the claims stemming from the August 20, 2004, incident.

Plaintiff argues that during the incident which occurred on January 4, 2005, it was inappropriate and unnecessary to apply the chemical agent a second time. He contends that the second application of the agent was excessive, and the amount of time he remained in the cell after the agent had been applied constituted the wanton and unnecessary infliction of pain. The video evidence of this incident is also inconclusive. However, Plaintiff has not denied that he failed to follow the direct orders of Defendant Castello. Defendant Castello's affidavit indicates that both applications of the chemical agent were made to gain Plaintiff's compliance with direct orders to submit to a search. The use of a chemical agent under these circumstances was reasonable. Indeed, the use of a chemical agent is safer than the direct application of physical force, and does not offend the Eighth Amendment if the situation justifies the use of force. *See Ogle v. Thompson*, 2006 WL 416246 (W.D. Mich. 2006). Plaintiff has not submitted any evidence that he complied with direct orders after the first application of the chemical agent, or that he remained in the cell for longer than necessary following use of the agent. Plaintiff has not met his burden of establishing the existence of a question of material fact as to whether the use of force was justified. Therefore, it is recommended that Defendants be granted summary judgment as to Plaintiff's claims regarding the January 4, 2005, incident.

Plaintiff also claims that Defendant Arkens used excessive force against Plaintiff by crushing his groin while placing him in TOB restraints on February 10, 2005. Defendants' affidavits state that Plaintiff was placed in TOB restraints without incident or unprofessional conduct. Plaintiff never sought treatment for any injuries arising from this event. The video recording of the incident

does not show Defendant Arkens stepping on Plaintiff's groin, nor attempting to wipe off the resulting boot print as is alleged by Plaintiff. Plaintiff has presented no evidence that would reasonably support a finding that Defendant Arkens in fact assaulted Plaintiff. Plaintiff has not claimed that the application of TOB restraints on this date was itself the use of excessive force, or that any other force was used on him that lacked legitimate penological justification. Plaintiff has failed to meet his burden with respect to the events of February 10, 2005. Accordingly, it is recommended that Plaintiff's excessive force claim be dismissed.

Plaintiff also asserts Eighth Amendment claims challenging the conditions of his confinement and the adequacy of the medical care provided to him. Defendants deny Plaintiff's factual allegations regarding his time in TOB restraints in January and February of 2005, and assert that he received all necessary medical care during the relevant time periods. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). A claim under the Eighth Amendment comprises an objective and subjective component: (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). The deliberate indifference standard applies to all claims challenging conditions of confinement, which include claims of inadequate medical care. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). For a medical claim, the Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Estelle*, 429 U.S. at 104-05; *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995).

There is uncontradicted evidence in the record that eyewash was administered to Plaintiff following his exposure to the chemical agent on January 4, 2005. Plaintiff may have been

in significant discomfort following exposure, but he was not subjected to a significant medical risk. As such, the failure to provide additional medical treatment does not show deliberate indifference to a serious medical need, and cannot support an Eighth Amendment claim.

Plaintiff alleges that from January 11 to January16, 2005, and from February 10 to February 13, 2005, he was denied food and bathroom breaks, and had to lie in his own waste for extended periods of time. Such conditions would be sufficient to pose a serious medical risk. Plaintiff has alleged that Defendants were aware of these conditions, refused to remedy them, and fabricated logbook entries in order to extend Plaintiff's TOB restraints. Plaintiff has submitted the affidavit of Greg Figel, which states that Figel heard Plaintiff ask Defendants for food, water and bathroom breaks, that these requests were repeatedly denied, and that Plaintiff was only fed twice during the five-day period. However, Figel makes no averment as to whether Plaintiff refused food or bathroom breaks if and when they were offered. Defendants' affidavits state that Plaintiff was offered food, water, and bathroom breaks at the regularly scheduled times and that he refused them on most occasions. The medical logs do not show any indication that Plaintiff was confined in cesspool-like conditions. The Birch Unit logbook supports the averments of the Defendants. Plaintiff has not offered any evidence that would support a finding that Defendants had falsified both the Birch Unit logbooks and Plaintiff's medical records. Plaintiff's bare allegations of such falsification alone cannot defeat Defendants' motion for summary judgment. In the opinion of the undersigned, Plaintiff has failed to meet his burden with regard to his conditions of confinement claims and Defendants are therefore entitled to summary judgment.

Defendants also argue that they are entitled to qualified immunity because they did not violate any of Plaintiff's constitutional or statutory rights. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their

conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When faced with a qualified immunity defense, the court must first determine whether or not the plaintiff has stated a claim upon which relief can be granted. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Turner*, 119 F.3d at 429. Here, Plaintiff has failed to meet his burden to demonstrate that he suffered a violation of his constitutional rights. Defendants employed the minimum necessary force against him in the service of legitimate penological interests. There is no evidentiary support for Plaintiff's accusation that Defendants used force against Plaintiff maliciously to cause harm. Furthermore, there is no evidentiary support for Plaintiff's contention that Defendants kept him restrained in conditions hazardous to his health. Therefore, Defendants are entitled to qualified immunity.

       Finally, Plaintiff has raised state law claims of assault and battery. It is recommended that this court refuse to exercise pendent jurisdiction over such claims. Claims raising issues of state law are best left to determination by the state courts, particularly in the area of prison administration. In addition, pendent jurisdiction over state law claims cannot be exercised after all federal claims have been dismissed. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727, 86 S. Ct. 1130, 1139 (1966); *Smith v. Freland*, 954 F.2d 343, 348 (6th Cir.), *cert. denied*, 504 U.S. 915, 112 S.Ct. 1954 (1992).

       In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' Motion for Summary Judgment. Accordingly, it is recommended that Defendants' Motion for Dismissal and/or Summary Judgment (Docket #83) be

granted and that this case be dismissed in its entirety.  It is further recommended that Plaintiff's motion to stay the summary judgment motion (Docket #113) be denied.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the court grants defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal.  It is recommended that should the plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he should be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 2, 2007